United States District Court
Southern District of Texas
**ENTERED**
April 26, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN McDONALD, TDCJ #1848321, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO. H-18-1154 |
| OFFICER FNU SNUFF, | § § § | |
| Defendant. | § | |

## ORDER TO TRANSFER

The plaintiff, Stephen McDonald (TDCJ #1848321), is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Michael Unit in Tennessee Colony, Texas. McDonald filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1) in the Western District of Texas, Austin Division, concerning an incident that reportedly occurred at the Michael Unit on or about March 26, 2018. The Western District transferred the Complaint to the Southern District based on the belief that McDonald is confined at the Wynne Unit in Huntsville. The pleadings confirm, however, that McDonald is confined at the Michael Unit, where the incident that forms the basis for the Complaint occurred.[1]

---

[1] Public records available from TDCJ also confirm that the plaintiff remains confined at the Michael Unit. See TDCJ Offender Information, located at: http://offender.tdcj.texas.gov (last visited April 25, 2018).

Tennessee Colony, where the Michael Unit is located, is in Anderson County, which is not within the Southern District of Texas, Houston Division. See 28 U.S.C. § 124(b)(2). Anderson County is located in the Eastern District of Texas, Tyler Division. See 28 U.S.C. § 124(c)(1). Because all or a substantial part of the events giving rise to the asserted claims occurred at the Michael Unit facility in Anderson County, the Complaint was not properly transferred to the Southern District, Houston Division. See 28 U.S.C. § 1391(b); Mayfield v. Klevenhagen, 941 F.2d 346, 348 (5th Cir. 1991).

A district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought. See 28 U.S.C. §§ 1404(a). In particular, § 1404 authorizes a transfer based on considerations of convenience:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1404(a). A district court has "broad discretion in deciding whether to order a transfer." Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999).

In the interest of justice, and for the convenience of the parties and witnesses, the court concludes that the plaintiff's Complaint should be transferred pursuant to § 1404(a) to the Eastern District, Tyler Division, where the claims arose and the

parties are located.

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division. The plaintiff is advised that, once a case number is assigned by the Eastern District, Tyler Division, all further correspondence and pleadings should be submitted to that court.

The Clerk will provide a copy of this Order to the plaintiff.

**SIGNED** at Houston, Texas, on this 26th day of April, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE